The first case on the calendar is United States v. Rakhmatov. Good morning, your honors. I'm Lawrence Mark Stern here representing Aziz John Rakhmatov. The core of this appeal is a sentence based on falsehood, the misreading of the plea agreement, the absence of a rationale for the imposition of the dreaded and draconian terrorist enhancement, doubling a sentence that should have been from 63 to 78 months to 12 and a half years. The appeal is before this court from the district court's erroneous refusal to exercise its inherent power to consider these errors in a post-sentence written objection, which it invited at the sentencing under Rule 35, and the supervised release terms and conditions which were not barred by the plea agreement. If I could ask about that, if I understand your argument, you say that the Rule 35 motion should be thought of as part of the sentencing process here, but the district court had issued its judgment, had imposed the sentence and had overruled your objections to the PSR. You referenced Rule 35, so I'm seeing, what's the argument that would permit us to treat it as anything other than a regular Rule 35 motion? No, that is what you should treat it as, a Rule 35 motion. Oh, okay, then I misunderstood your argument. I thought the claim was that this was, that the sentencing was in some sense still ongoing at the time the Rule 35 motion was filed. Well, it was both that and a Rule 35 because of the unusual circumstances of the case in which the court said that, at the sentencing, the court said, I will delay my decision. I will cover things that you're asking about in my written memorandum to follow. So the only way to object to that once the written memorandum was issued was by written objections, styled also alternatively as a Rule 35. The previous panel of this court decided that it would entertain the objections to the sentence in the guise of the appeal from the Rule 35, holding that it was not covered by the plea agreement waiver of appeal. Hence, we are here and arguing these issues about the egregious abdication of judicial responsibility in the courts, finding without a shred of evidence that the appellant here was intent on committing the heinous crimes of killing non-Muslim peoples and waging jihad, of which there's no evidence whatsoever in the record. This was a man who was importuned by his employer to give a $400 contribution so that another man could travel to Syria to fight against the terrorist regime of Bashir Assad. There was no embrace of ISIS, even though the man was going to fight with ISIS against Assad, which itself is a terrorist regime. Does that exonerate the first terrorist regime, the fact that they're fighting another one? I'm sorry, Judge. Does that exonerate ISIS, the fact that they're fighting someone else who may be a terrorist? No, it doesn't exonerate ISIS at all. He was supporting a person who was going to fight for ISIS. With ISIS against Assad. That's all he did. He did not embrace the universal terrorist aims of ISIS at all, and that's why the sentence is based on this falsehood that he did. There's no evidence whatsoever. In most of these terrorist enhancement cases, the government finds evidence that the appellant embraced the general goals of ISIS. They find things on their internet. They find letters. They find people to whom they've made statements of allegiance to worldwide jihad and all that kind of stuff. There was nothing here. There was only appellant's agreement with his boss, the man who'd mentored him here in the United States. He would make this $400 contribution to fight against the terrorism of Assad, who was killing 500,000 Muslims and bombing hospitals and so on. That's all he did. The court nonetheless found this a fact over the appellant's objections that his intent was to kill non-Muslim people, to wage worldwide jihad, and hence sentence him to 12 and a half years in prison. And that, I submit to the court, is an egregious abdication of judicial responsibility. There was no hearing. The judge did not require the government to come forth with any evidence whatsoever to corroborate this invective, really, this innuendo. In addition, the court mistakenly assumed that the 12 and a half year sentence, which was the upper limit of the plea agreement waiver, was the sentence that he was supposed to impose pursuant to the agreement. And that wasn't the agreement at all. The agreement was that the 12 and a half years would be the maximum sentence above which the appellant could appeal. Not that it was the sentence he was supposed to receive under the plea agreement, as the judge stated at the guilty plea proceedings. So finally, when the judge issued his sentence, there was no rationale. It was only a recitation of the 3553A factors and a conclusory statement, my sentence comports with the 3553A. And here was a intensely disputed terrorist enhancement that would double the sentence. And yet, there's not a word in the judge's oral pronouncement or in his later written memorandum explaining the rationale for why, other than it's finding a fact that was unsupported, he imposes 12 and a half years on this man with no criminal record, no prior association with terrorism. Can you clarify for me why this is not covered? I'm not sure I understand the point. Why this is not covered by the appeal waiver? Because the former panel said it is not. Did they? The order... Go ahead. The order says... Does it say it's not covered by the appeal waiver? Yes, it does. Appellant's challenge to his term and conditions of supervised release and the denial of his federal rule of criminal procedure 35A motion, neither of which is covered by his appeal waiver, shall proceed in usual course. And that's a motions panel. Do you have any second circuit authority for the proposition that a rule 35 motion does not fall within an appeal waiver that's worded as this one is to say that broad language of, you know, any other mechanism, motion challenging the sentence? Yes, Your Honor. And I've cited cases in the brief that hold that rule 35 is jurisdictional. It's part of the inherent power of the court to correct its mistakes. And it relies on the case of the United States against RICO, which is a case in which Judge Walker participated, where the court incorrectly interpreted a plea agreement and the court held that it was jurisdictional. The court, the court's inherent power to correct that was jurisdictional. I don't have a specific case where a court said, notwithstanding a plea waiver, a rule 35 can go ahead. But I do have these cases that say that it is jurisdictional and that the court has inherent power to correct its own mistakes. The district, shall I continue or do I see the red light? You've reserved some time for rebuttal. Do you want to use some of it now or continue to? I'll wait. Thank you. Could you address the appeal waiver point? Yes, Your Honor. May it please the court. My name is David Kessler, and I'm an assistant United States attorney in the Eastern District of New York. I was one of the AUSAs who represented the government in the case below. So turning to the appeal waiver, I think there's a couple of points. First, the motion panel's opinion says what it says. However, in this case, the rule 35 argument, which the court just heard, is plainly an effort to attack the sentence and relitigate sentencing issues. So I think a fair reading of the appellate waiver or the waiver in the plea agreement would bar this particular rule 35 motion, regardless whether there might be other rule 35 motions that could proceed. But whether or not the term of the plea agreement categorically bars the appeal of the rule 35 denial, the denial was not an abuse of discretion. As the court has heard here today and can see in the papers, the defendant's objections under rule 35 were objections to the sentencing process that are exactly like the kinds of objections that are raised on a substantive appeal. They're not the kind of objections that this court has entertained in the rule 35 context. So for example, whether or not the terrorism enhancement might apply in this particular case, or whether or not the district court accurately assessed all the legal complexities around the specific application of the terrorism enhancement here, is exactly the kind of issue that this court has repeatedly held is not up for debate in a rule 35 motion. Well, rule 35 says you could correct arithmetical, technical, or other clear errors. So your argument is that clear error has to be, is interpreted in the case law as the same type of error as arithmetical or technical doesn't reopen the sentence, could never reopen the sentence? No, no, your honor. I don't think that's what this court case, this court's case law says. I think, and I'm forgetting the paragraph in Abreu Cabrera that I think both parties have cited, but essentially the way this court thinks about it is there has to be something illegal about this. You know, there has to be something catastrophically wrong with what happened, not just a re-litigation of issues that, you know, even more than could go either way. A sentence beyond the statutory maximum or something of that sort? I think so, or you know, if the district court had in fact in this case been motivated by some sort of discriminatory animus based on some protected constitutional class, I think rule 35 pretty clearly applies to that situation. We cited a case from 2021 from this court, Rojas, that specifically involved the question of whether a specific guidelines application should have been, a guidelines enhancement should have been applied or not. And this court held that that is not an issue that comes before the court on a rule 30 or is appropriately framed in the reasons that make sense is the point of these waivers as we've laid out is to prevent re-litigating all the issues that go into a sort of regular sentencing process. So even if the waiver in the plea agreement, which bars any attack on the sentence, as long as the sentence is 150 months or below, even if that doesn't, as a sort of matter of law, foreclose this particular appeal, the appeal is still meritless because it wasn't abusive discretion for the court to deny the motion given the way this court has repeatedly construed rule 35 motions. Defense counsel mentioned that there were some cases cited in the defense brief on the rule 35 context. Let me just say, you know, we've looked through them all. They all involve something much more structural or significant than what's at issue here. So for example, in one case, a sentencing factor certainly applied and the judge just ignored it. And so the judge had said, the district judge had said, I was required to take something into consideration and I didn't. You know, that's very different than maybe this enhancement should have applied or this is jurisdictional. I think what that means is rule 35 allows a court to maintain jurisdiction for, I think it's 14 days, to correct the sentence for these various, the various issues that Judge Livingston, you brought up, the arithmetical or clear error. It doesn't mean there can always or there can never be a waiver of a rule 35 motion. It doesn't mean rule 35 motions, you know, proceed on appeal and are always victorious. It's just talks about when the district court can modify a sentence or not. So it doesn't really speak to this issue. You've, just addressing the special conditions of a supervised release for a moment, you've consented to sending back the electronic and location monitoring conditions. That's four. Is that four conditions? Yes, Your Honor. So what we said was that the, we consent to remanding the case, both to address those conditions. And I'm looking for the piece of paper that, so on page A353 of the appendix, defense counsel numbered the conditions. So I think the ones specifically contemplated by us were 5, 6, 7, and 8. And those are the monitoring conditions. But we also consented to vacatur and reconsideration of the term. That is the duration of the full term. The lifetime term. Yes. And we agree that the record should be better developed if it's going to support. I'm sorry, I just want to clarify what the conditions were, the other conditions were the lesser conditions that you agreed to. Would that be the monitoring of his computer? Yes. So it's, it's the, what is numbered five, which is basically computer monitoring. Yeah. Number six, which is a monitoring of the electronic service accounts. So I think that means things like email accounts. Number seven, which relates to sharing information from that monitoring. Right. And then number eight, which refers to GPS monitoring. So those, plus the question about how long the term should be. Those are the ones that we, we consented upfront to a remand on. What about the mental health condition and the Medicaid medication condition? There really is a, I mean, this could be broadly said, there's really no analysis or explanation for these either. And as you know, our case law is pretty clear that you're supposed to make an individualized assessment and state on the record, the reasons for imposing it. Yes, your honor. That's fair. I mean, the, this court's case law has also said a judge doesn't need to specifically sort of do a 35 53 a analysis for each condition. I think the way we've thought about the mental health condition is that really what's required here is an analysis is what is an evaluation. And then if mental health treatment were deemed necessary, then mental health treatment, but there isn't actually an imposition up front of a specific mental health treatment regimen. So judge Livingston, we, our submission is that, that those, I guess it's two conditions, one and two are supported. But we also recognize that there may be judicial economy. If the judge is going to reconsider, I have a question, many conditions question about another one. The, one of the special conditions says that he can't frequent any establishments where criminal groups may meet. How do we know? I mean, criminal groups can meet anywhere. How, how would he know whether he might be violating something because somebody is doing another investigation and they come across some conspiracy that's being hatched in some restaurant and he just happens to walk in the door, you know, and it could be four seasons for that matter. Anybody, any restaurant. So, so your honor, this, this court has construed similar conditions like that to have an implicit limitation that the defendant has to know the criminal groups are meeting in the place. And that incidental contact, you know, doesn't count. So if the defendant goes into a CVS and there happens to be a meeting of an ISIS cell that he would not have to have that be explicitly in the, in the supervised release condition. I think the better practice is often to, for the probation department to provide a specific list or at least a non-exclusive list of, I think in the Floyd case that was cited probably by the defense there, the probation department provided, I think it was a non-exhaustive list of locations. And certainly that's something that, that could be done here. So I think I'll just close by pointing out that whether or not the appellate waiver or it's not the appellate waiver, whether or not the collateral attack waiver barred the rule 35 motion in this particular instance, as a sort of technical matter, the attack on appeal shows to the rule 35 motion shows that the issues implicated by the rule 35 motion are exactly the same issues that the appellate waiver is designed to prevent. So we are here, you know, arguably relitigating whether the terrorism enhancement should apply, which would be the sort of procedural reasonableness appeal that has been blocked by the appellate waiver. So it would not make a lot of sense for a rule 35 motion to provide this sort of backdoor way into relitigating all the kinds of issues that the appeal waiver is specifically, and I think everyone agrees, was intended to prevent. There are no further questions. Thank you. Your Honor, the standard for, the standard for entertaining issues on a rule 35 is stated in your case of Abreu Cabrera as anything that would result in a remand. That's what the clear errors could be. And there are cases, there are cases after cases in which a court erroneously finds a fact based on no evidence as a clearly erroneous decision by a court that requires remand. In this case, without evidence, the court found these ridiculous, heinous crimes against this man that have not a shred of evidence in the record. And rule 35 has been held by this court in a case called Waters to review, again under rule 35, the failure of a court to consider a policy statement of the guidelines. So rule 35 itself is indeed a mechanism for a court to recognize a broad range of errors, including what this court No, so if the government wants to protect against that, they've got to include rule 35 in the appeal waiver. That's what you're saying. That's exactly right, Your Honor. And in this court, in this case If in fact, rule 35 normally does not cover items that go to the efficacy of the sentence, but deal with technical problems as a general matter, why would that be necessary? Why would it be necessary to include rule 35 in the appeal waiver? Because at least the panel of this court said it isn't. It isn't included in the appeal waiver, and I'll go with that. This is such... I'm not quite sure what that panel had in mind, but don't tell me I was on it. You were. In this case, the district court did not entertain... I always seem to be on the wrong panels. In this case, the district court did not entertain the rule 35. It did not decide it on the merits. The court held that the plea agreement obviated its consideration of the rule 35, and that's been overruled already by the panel that heard this. The court also held that the other errors provision of rule 35 did not include... Well, I thought the district court sort of said that these errors are not the sort of obvious errors that fall within rule 35. It didn't just cite to the appeal waiver. It said this is not a proper rule 35. It had two bases, the appeal waiver, and that this wasn't the other errors that is contemplated by a 35, and I've just shown you the kinds of things that rule 35 does cover, and you said it in Abreu Cabrera, in Waters. There's a case in the Ninth Circuit where the prosecutor's breach of a plea agreement was included. There's one in the Seventh Circuit, failure to explain a sentence, which is another issue in this case. That's included. Thank you. Thank you both. We will take the matter under advisement.